IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN R. TURK,

        Plaintiff,                  No. CIV S-06-0019 LKK PAN

   vs.

M. KNOWLES, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $17.08 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff's complaint contains the following allegations.  On November 11, 2004,
2 defendants Sergeants Elsberry and Featherly violated plaintiff's due process right by  housing a
3 mentally ill inmate, Chamberlain, in plaintiff's cell without plaintiff's consent, and without using
4 a VGA 490 form (cell move slip).   Chamberlain engaged in disruptive behavior, and plaintiff
5 alerted defendant McGinnis to this problem.  McGinnis notified the watch office.  Plaintiff and
6 Chamberlain were directed to the watch office to discuss separating them.  After some
7 discussion, defendant Sergeant Featherly told Chamberlain to go back to the cell.  Plaintiff
8 eventually left for his work assignment.  While plaintiff was away, Chamberlain destroyed his
9 personal property in the cell.

10    On October 6, 2003, another inmate, Simms, who had been housed in plaintiff's
11 cell, took plaintiff's food tray after he was done with it, and later declined to return the trays to
12 the officer collecting them.  Simms stated that he was not giving the trays up until he could speak
13 with a sergeant about getting some of his property back.  Sergeant Featherly came to the cell and
14 spoke with them, and when she asked whether plaintiff was participating in Simms' behavior,
15 plaintiff told her that he was not.  Defendant Featherly then pulled Simms out of the cell and
16 escorted him to the watch office. He returned within a half hour with the assurance that he was
17 not being written up.

18    On October 9, 2003, plaintiff learned from an officer that he had been written up
19 for disobeying a direct order.  Plaintiff named Simms and Featherly as his witnesses.  Plaintiff
20 later filed a complaint against defendant Officer Griffith for submitting a false report.  This
21 complaint was never logged, and defendant Featherly asked plaintiff not to pursue his complaint
22 because he was not going to be found guilty of holding the food tray.  The foregoing events
23 violated plaintiff's First Amendment right to present a grievance challenging an undeserved
24 disciplinary action.

25    On August 10, 2004, plaintiff was placed in Administrative Segregation for a
26 "pattern of difficulty in maintaining cell partners, for a duration of approximately 30 days.

3

Plaintiff names seven defendants in his original complaint, including M. Knowles, Acting Warden of CSP-Sacramento. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's inclusion of Acting Warden M. Knowles is based solely on a theory of respondeat superior. For the forgoing reasons, the court will not order service of process on said defendant.

Plaintiff also names Correctional Officers McGinnis and S.D. Shannon as defendants, but the complaint contains no allegations of any specific acts or omissions by these

4

two defendants that contributed to any alleged constitutional violation. For this reason, the court will not order service of process on said defendants.

Plaintiff also names a Correctional Officer Hannigan as a defendant. The sole allegation against Officer Hannigan is that he told plaintiff that defendant Featherly threatened to place plaintiff in administrative segregation if he did not "lock up" with his cell mate. This allegation is insufficient to state a claim for violation of plaintiff's constitutional rights. For that reason, the court will not order service of process on defendant Hannigan.

The complaint states a cognizable claim of relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $17.08. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Sergeant Elsberry, Sergeant Featherly, and Correctional Officer Griffith.

4. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed January 4, 2006.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

/////

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Four copies of the endorsed complaint filed January 4, 2006.

 6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 17, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

/014; turk0019.1

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
```

12                    IN THE UNITED STATES DISTRICT COURT

13                   FOR THE EASTERN DISTRICT OF CALIFORNIA

14  ALLEN R. TURK,

15          Plaintiff,                    No. CIV S-06-0019 LKK PAN P

16      vs.

17  M. KNOWLES, et al.,                   <u>NOTICE OF SUBMISSION</u>

18          Defendants.                   <u>OF DOCUMENTS</u>

19  _____/

20          Plaintiff hereby submits the following documents in compliance with the court's

21  order filed _____:

22          ____        completed summons form

23          ____        completed USM-285 forms

24          ____        copies of the _____
                                     Complaint/Amended Complaint

25  DATED:

26

                                          _____
                                          Plaintiff