IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN TURK,

        Plaintiff,                       No. CIV S 06-0019 LKK EFB P

    vs.

KNOWLES, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. In his complaint, plaintiff alleges that he was celled with mentally ill inmates with whom he was incompatible and without his consent. He also claims he was placed in administrative segregation in retaliation for filing grievances, and was prevented from exercising his First Amendment right to file a grievance by a refusal to process an appeal.

        On October 17, 2006, defendants filed a motion to dismiss, arguing that plaintiff has, on three prior occasions, brought actions in a court of the United States that were dismissed on the ground that they were frivolous, malicious or failed to state a claim, and is therefore barred from using the *in forma pauperis* privilege. Court records show that before plaintiff filed the complaint in this action, this court dismissed at least three of his lawsuits filed while he was a

1

prisoner on the grounds that they were frivolous, malicious or failed to state a claim.[1] Plaintiff has had seven prior cases dismissed for failure to state a claim and two prior cases dismissed for failure to prosecute: *Turk v. Dorfman*, 2:03-cv-02486 FCD DAD (E.D. Cal.)(dismissed April 22, 2004 for failure to state any cognizable federal claim); *Turk v. Schorle, et al.*, 2:99-cv-01185 FCD-DAD (E.D. Cal.)(dismissed October 6, 2000 because plaintiff sought relief unrelated to the claims alleged); *Turk v. Alvarez, et al.*, 2:03-cv-02516 FCD KJM (E.D. Cal.)(dismissed October 26, 2004, without leave to amend); *Turk v. Kirshner, et al.*, 2:00-cv-00160 LKK JFM (E.D. Cal.)(dismissed January 15, 2002 because there existed no genuine issue as to any material fact); *Turk v. White*, 2:94-cv-00156 LKK GGH (E.D. Cal.)(dismissed October 19, 1995, for failure to prosecute); *Turk v. McCarthy*, CV-85-1171 MLS (E.D. Cal.)(dismissed January 26, 1987, for lack of prosecution); *Turk v. Karesh*, 3:94-cv-02833 VRW (N.D. Cal.)(dismissed August 16, 1994, sua sponte for failure to state a claim); *Turk v. Dorfman*, CIV-S-97-1409 (E.D. Cal.)(dismissed June 29, 1998, sua sponte for failure to state a claim for damages) and *Turk v. Plummer* 3:94-cv-03043 VRW (N.D. Cal.)(summary judgment granted for failure to state a claim).

Plaintiff also had two prior cases dismissed from the United States Court of Appeals for the Ninth Circuit for failure to pay the docketing fees: *Turk v. Alvarez*, et al., 9th Cir. No. 04-17472, Dist. Ct. No. 2:03-cv-02516 FCD KJM (E.D. Cal.)(dismissed May 10, 2002); and *Turk v. Kirshner*, et al., 9th Cir. No. 02-15223, Dist. Ct. No. 2:00-cv-00160 LKK JFM (E.D. Cal.)(dismissed May 12, 2005).

A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

/////

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1
2
    frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3 28 U.S.C. § 1915(g).

4     Clearly, plaintiff has, on 3 or more prior occasions, while incarcerated, brought actions

5 and appeals that were dismissed for failure to state a claim.  Moreover, from the face of the

6 complaint, the court finds that plaintiff has not demonstrated that he is "under imminent danger

7 of serious physical injury," 28 U.S.C. § 1915(g), and therefore he may not proceed *in forma*

8 *pauperis.*

9     Accordingly, it hereby is RECOMMENDED that this action be dismissed without

10 prejudice.

11     These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

13 after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16 within the specified time may waive the right to appeal the District Court's order. *Turner v.*

17 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 DATED:   August 16, 2007.

20 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3